**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action Number: 1:11-cv-00112-REB -BNB

**HEIDI JEWKES**,
**ADELINE ROYBAL**,
**NATASHA SWENSON**,
**NICOLE MONTOYA**,
**NICOLE MORRIS,**

Plaintiffs,

v.

**C.O. SHACKLETON**, Correctional Officer at the Denver Women's Correctional Facility, in his individual and official capacity

Defendant.

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, Irwin & Boesen, P.C., bring this complaint against the Defendant for claims pursuant to 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments (including claims for cruel and unusual punishment, invasion of bodily integrity, and failure to protect), for claims pursuant to 18 U.S.C. § 1595, and for injunctive relief. Plaintiffs assert the claims herein based upon their personal knowledge of the Defendant's acts and otherwise upon information and belief and respectfully state as follows:

### I.   INTRODUCTION

1. Plaintiffs are either current or former inmates of the Defendant Colorado Department of Corrections ("DOC").

2. Plaintiffs suffered, and continue to suffer, physical and emotional injuries from being the victims of an inherently coercive sexual relationship while in the custody of the DOC.

3. Plaintiffs were deprived of their rights under the United States Constitution as a result of Defendant's knowing and deliberate indifference to the serious risk of harm and injury to Plaintiffs and other inmates.

4. This is a civil action for prospective injunctive, declaratory, and other equitable relief, as well as damages, pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 1595, for Defendant's violation of Plaintiffs' rights under the United States Constitution.

## II. JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States, and is brought pursuant to Title 42 U.S.C. § 1983, and 18 U.S.C. § 1595. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiffs' claims for attorney fees and costs is conferred by 42 U.S.C. § 1988.

6. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

## III. PARTIES

7. Plaintiff Heidi Jewkes is and has been, at all times referred to herein, a resident of and domiciled in the State of Colorado. During the relevant time periods, Ms. Jewkes was housed as an inmate at the Denver Women's Correctional Facility ("DWCF"), a facility of the Colorado Department of Corrections.

8. Plaintiff Adeline Roybal is and has been, at all times referred to herein, a resident of and domiciled in the State of Colorado. During the relevant time periods, Ms. Roybal was housed as an inmate at DWCF.

9. Plaintiff Natasha Swenson is and has been, at all times referred to herein, a resident of and domiciled in the State of Colorado. During the relevant time periods, Ms. Swenson was housed as an inmate at DWCF. Ms. Swenson is no longer an inmate.

10. Plaintiff Nicole Montoya is and has been, at all times referred to herein, a resident of and domiciled in the State of Colorado. During the relevant time periods, Ms. Montoya was housed as an inmate at DWCF.

11. Plaintiff Nicole D. Morris is and has been, at all times referred to herein, a resident of and domiciled in the State of Colorado. During the relevant time periods, Ms. Morris was housed as an inmate at DWCF.

12. Defendant Shackleton is a citizen of the United States and, at all times relevant to the subject matter of this litigation, was a resident of Colorado, and was acting under color of state law in his capacity as a Correctional Officer at the DWCF.

## IV.   FACTUAL ALLEGATIONS

### A.   COMMON FACTUAL ALLEGATIONS:

13. During the relevant time periods, Plaintiffs were in the care, custody, and control of the Colorado Department of Corrections.

14. While in the care, custody, and control of the Colorado Department of Corrections, each Plaintiff was under the supervision of Correctional Officers who could exercise control over virtually every aspect of Plaintiff's life.

15. While in the care, custody, and control of the Colorado Department of Corrections, each Plaintiff was approached by Correctional Officer Shackleton and coerced into engaging in sexual acts on DOC premises.

16. In order to coerce Plaintiffs to submit to his sexual desires, Correctional Officer Shackleton made certain promises or threats to gain compliance.

17. Feeling that they had no choice under the circumstances, Plaintiffs were forced to engage in sexual acts.

18. Given the profound disparity in power and authority between Plaintiffs and Correctional Officer Shackleton, the sexual contacts were inherently involuntary.

19. As a direct and proximate result of being sexually assaulted and raped by Correctional Officer Shackleton, Plaintiffs have suffered serious personal injury and damages.

20. As a result of this unlawful sexual contact, Plaintiffs continue to be victimized as they suffer retaliation from other staff members, including officers at DWCF, who treat them worse than other inmates who did not report crimes perpetrated on them by Correctional Officers.

### B.     FACTUAL ALLEGATIONS RELATED TO HEIDI JEWKES AND ADELINE ROYBAL:

21. On or about June 17, 2009, Plaintiff Adeline Roybal was incarcerated at the Denver Women's Correctional Facility in Denver, Colorado.

22. On or about June 17, 2009, Plaintiff Heidi Jewkes was incarcerated at the Denver Women's Correctional Facility in Denver, Colorado.

23. On or about June 17, 2009, Defendant Shackleton was working as a Correctional Officer at the DWCF.

24. On or about June 17, 2009, Defendant Shackleton approached Ms. Jewkes and Ms. Roybal and coerced them into engaging in sexual acts with him in a closet.

25. In order to coerce Ms. Jewkes and Ms. Roybal to submit to his sexual desires, Defendant Shackleton threatened to have them written up or moved to a less comfortable housing unit.

26. Feeling that she had no real choice under the circumstances, both Ms. Jewkes and Ms. Roybal reluctantly acquiesced to Defendant Shackleton's demands for oral sex.

27. Due directly to being forced to engage in oral sex by Defendant Shackleton, Ms. Jewkes continues to be victimized as she suffers retaliation from other staff members, including officers at the Denver Women's Correctional Facility.

28. Due directly to being forced to engage in oral sex by Defendant Shackleton, Ms. Roybal continues to be victimized as she suffers retaliation from other staff members, including officers at the Denver Women's Correctional Facility.

29. Defendant Shackleton has engaged in other abusive sex acts with female inmates.

30. Upon information and belief, Defendant Shackleton's abusive and coercive sexual contact with female inmates was well known, not only among other inmates, but other officers as well.

### C.   FACTUAL ALLEGATIONS RELATED TO NATASHA SWENSON:

31. On or about June 20, 2009, Plaintiff Natasha Swenson was incarcerated at the Denver Women's Correctional Facility in Denver, Colorado.

32. On or about June 20, 2009, Defendant Shackleton was working as a Correctional Officer at the DWCF.

33. On or about June 20, 2009, Defendant Shackleton approached Ms. Swenson and coerced her into engaging in sexual acts with him in a chemical closet.

34. In order to coerce Ms. Swenson to submit to his sexual desires, Defendant Shackleton threatened to have her written up for an infraction.

35. Feeling that she had no real choice under the circumstances, Ms. Swenson reluctantly acquiesced to Defendant Shackleton's demands, including oral sex and his forced penetration of her vagina with his fingers.

36. On a separate occasion during that same week, Defendant Shackleton again approached Ms. Swenson and threatened to tell her husband about their prior sexual encounter.

37. Again feeling that she had no real choice under the circumstances, Ms. Swenson reluctantly acquiesced to his demands, including oral sex and his attempted rape of her.

38. Defendant Shackleton has engaged in other abusive sex acts with female inmates.

39. Upon information and belief, Defendant Shackleton's abusive and coercive sexual contact with female inmates was well known, not only among other inmates, but other officers as well.

### D. FACTUAL ALLEGATIONS RELATED TO NICOLE MONTOYA:

40. In June 2009, Plaintiff Nicole Montoya was incarcerated at the Denver Women's Correctional Facility in Denver, Colorado.

41. In June 2009, Defendant Shackleton was working as a Correctional Officer at the DWCF.

42. In June 2009, Defendant Shackleton approached Ms. Montoya and coerced her into engaging in sexual acts with him in a chemical closet.

43. In order to coerce Ms. Montoya to submit to his sexual desires, Defendant Shackleton threatened to have her written up for an infraction.

44. Feeling that she had no real choice under the circumstances, Ms. Montoya reluctantly acquiesced to Defendant Shackleton's demands, including fondling his penis, and his fondling of her breast.

45. On a separate occasion during that same week, Defendant Shackleton again approached Ms. Montoya and threatened her with an infraction.

46. Again feeling that she had no real choice under the circumstances, Ms. Montoya reluctantly acquiesced to his demand that she expose herself to him.

47. Defendant Shackleton has engaged in other abusive sex acts with female inmates.

48. Upon information and belief, Defendant Shackleton's abusive and coercive sexual contact with female inmates was well known, not only among other inmates, but other officers as well.

### E.     FACTUAL ALLEGATIONS RELATED TO NICOLE MORRIS:

49. On or about April 1, 2009, Plaintiff Nicole Morris was incarcerated at the Denver Women's Correctional Facility in Denver, Colorado.

50. On or about April 1, 2009, Defendant Shackleton was working as a Correctional Officer at the DWCF.

51. On or about April 1, 2009, Defendant Shackleton approached Ms. Morris and coerced her into engaging in sexual acts with him in a chemical closet.

52. In order to coerce Ms. Morris to submit to his sexual desires, Defendant Shackleton threatened to have her written up for an infraction.

53. Feeling that she had no real choice under the circumstances, Ms. Morris reluctantly acquiesced to Defendant Shackleton's demands, including oral sex.

54. Defendant Shackleton has engaged in other abusive sex acts with female inmates.

55. Upon information and belief, Defendant Shackleton's abusive and coercive sexual contact with female inmates was well known, not only among other inmates, but other officers as well.

## V. STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Eighth Amendment and Fourteenth Amendment Violations
### (Cruel and Unusual Punishment)

56. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

57. Defendant was acting under color of state law in his actions and inactions at all times relevant to this action.

58. Defendant Correctional Officer Shackleton knowingly inflicted unnecessary and wanton pain upon Plaintiffs by his coercive sex acts in violation of Plaintiffs' rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

59. By engaging in inherently coercive and repeated sexual acts with Plaintiffs, Defendant C.O. Shackleton was deliberately indifferent and completely without regard to Plaintiffs' health and safety.

60. The acts or omissions of Defendant Shackleton were the legal and proximate cause of Plaintiffs' damages in that they each suffered physical injury, including physical intrusion into bodily privacy and integrity, humiliation, mental, and emotional pain and anguish.

61. The acts or omissions of Defendant Shackleton caused Plaintiffs damages in that they each suffered physical, mental, and emotional pain and injury as described above, from which they will likely continue to suffer for the rest of their lives. As a direct and proximate cause and consequence of the unconstitutional policies, procedures, customs, or practices described above, Plaintiffs suffered and continue to suffer injuries, damages and losses as set forth herein.

62. Defendant's conduct in violating Plaintiffs' rights as described herein shocks the conscience and is intolerable to society's standards of fundamental fairness.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – 14th Amendment Substantive Due Process
### (Invasion of Bodily Integrity)

63. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

64. Defendant was acting under color of state law in his actions and inactions which occurred at all times relevant to this action.

65. By engaging in inherently coercive sexual acts with Plaintiffs, Defendant Correctional Officer Shackleton recklessly, with conscious disregard to the serious and obvious risk to Plaintiffs' safety, and with deliberate indifference, violated Plaintiffs' constitutionally protected right to bodily integrity.

66. This conduct amounts to deliberate indifference to the rights of the inmates, including Plaintiffs, with whom prison personnel inevitably come into contact, and over whom prison personnel exercise control.

67. The conduct is so grossly reckless that future misconduct was and is almost inevitable.

68. When viewed in total, this conduct shocks the conscience.

69. The acts or omissions of Defendant Shackleton were the legal and proximate cause of Plaintiffs' damages in that each suffered physical injury, including physical intrusion into bodily privacy and integrity, humiliation, mental and emotional pain and anguish.

70. Such conduct violated Plaintiffs' substantive due process right to bodily integrity under the Fourteenth Amendment to the United States Constitution.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Shackleton, and award them all relief as allowed by law, including but not limited to, the following:

a. Prospective injunctive and declaratory relief and other appropriate equitable relief;

b. Actual economic damages as established at trial;

c. Compensatory damages, including, but not limited to, those for future pecuniary losses, physical and emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

d. Punitive damages for all claims allowed by law in an amount to be determined at trial;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorneys' fees and costs; and,

g. Such further relief as justice requires.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated:  October 14, 2011

    s/ Rick A. Carmickle
Rick A. Carmickle
Brad R. Irwin
IRWIN & BOESEN, P.C.
4100 E. Mississippi Avenue
Suite 1900
Denver, CO  80246
Telephone:  (303) 999-9999
Fax:  (303) 320-1915
Email:  birwin@coloradolawyers.com
Email:  rcarmickle@coloradolawyers.com
**Attorneys for Plaintiffs**