IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-00112-REB-BNB

HEIDI JEWKES,
ADELINE ROYBAL,
NATASHA SWENSON,
NICOLE MONTOYA,
NICOLE MORRIS,

    Plaintiffs,

v.

C.O. THEODORE SHACKLETON, Correctional Officer at the Denver Women's Correctional Facility, in his individual and official capacity,

    Defendant.

_____

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEFENDANT'S DEMAND FOR JURY TRIAL**
_____

Defendant Theodore Shackleton, by and through his counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of the law firm Hall & Evans, L.L.C., hereby respectfully submits this Defendant's Answer to Plaintiffs' Second Amended Complaint and Defendant's Demand for Jury Trial, as follows:

### I. INTRODUCTION

1. Defendant Theodore Shackleton ("Defendant") is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in

paragraph 1 of Plaintiffs' Second Amended Complaint and Demand for Jury Trial ("Plaintiffs' Second Amended Complaint") and therefore denies same.

2. Defendant denies all of the allegations contained in paragraph 2 of Plaintiffs' Second Amended Complaint.

3. Defendant denies all of the allegations contained in paragraph 3 of Plaintiffs' Second Amended Complaint.

4. Defendant admits the Plaintiffs have filed a civil action against him pursuant to 42 U.S.C. § 1983. Defendant affirmatively states Plaintiffs state no cognizable claim against him and are not entitled to any of the relief requested in the Second Amended Complaint. Defendant denies all of the remaining allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint.

## II. **JURISDICTION AND VENUE**

5. Defendant admits that this Court possesses subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. § 1331. Defendant denies all of the remaining allegations contained in paragraph 5 of Plaintiffs' Second Amended Complaint.

6. Defendant admits that venue is proper before this Court pursuant to 28 U.S.C. § 1391(b). Defendant denies all of the remaining allegations contained in paragraph 6 of Plaintiffs' Second Amended Complaint.

### III. PARTIES

7.     Defendant admits that Plaintiff Heidi Jewkes is a convicted felon who was incarcerated at the Denver Women's Correctional Facility ("DWCF") which is a correctional facility operated by the Colorado Department of Corrections ("DOC"). Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiffs' Second Amended Complaint and therefore denies same.

8.     Defendant admits that Plaintiff Adeline Roybal is a convicted felon who was incarcerated at DWCF which is a correctional facility operated by the DOC. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiffs' Second Amended Complaint and therefore denies same.

9.     Defendant admits that Plaintiff Natasha Swenson is a convicted felon who was incarcerated at DWCF which is a correctional facility operated by the DOC. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of Plaintiffs' Second Amended Complaint and therefore denies same.

10.    Defendant admits that Plaintiff Nicole Montoya is a convicted felon who was incarcerated at DWCF which is a correctional facility operated by the DOC. Defendant is without sufficient knowledge or information to form a belief as to the truth

of the remaining allegations contained in paragraph 10 of Plaintiffs' Second Amended Complaint and therefore denies same.

11.     Defendant admits that Plaintiff Nicole D. Morris is a convicted felon who was incarcerated at DWCF which is a correctional facility operated by the DOC. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Plaintiffs' Second Amended Complaint and therefore denies same.

12.     Defendant admits he is a citizen of the United States, was previously a resident of the State of Colorado, and acted under color of state law in his capacity as a Correctional Officer for the DOC while working at DWCF.  Defendant denies all of the remaining allegations contained in paragraph 12 of Plaintiffs' Second Amended Complaint.

## IV.  **FACTUAL ALLEGATIONS**

13.     Defendant admits that the Plaintiffs are all convicted felons who were appropriately incarcerated by the DOC as a result of their felony sentences.  Defendant denies all of the remaining allegations contained in paragraph 13 of Plaintiffs' Second Amended Complaint.

14.     Defendant denies all of the allegations contained in paragraph 14 of Plaintiffs' Second Amended Complaint.

15.     Defendant denies all of the allegations contained in paragraph 15 of Plaintiffs' Second Amended Complaint.

16. Defendant denies all of the allegations contained in paragraph 16 of Plaintiffs' Second Amended Complaint.

17. Defendant denies all of the allegations contained in paragraph 17 of Plaintiffs' Second Amended Complaint.

18. Defendant denies all of the allegations contained in paragraph 18 of Plaintiffs' Second Amended Complaint.

19. Defendant denies all of the allegations contained in paragraph 19 of Plaintiffs' Second Amended Complaint.

20. Defendant denies all of the allegations contained in paragraph 20 of Plaintiffs' Second Amended Complaint.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Second Amended Complaint and therefore denies same.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiffs' Second Amended Complaint and therefore denies same.

23. Defendant admits that he was employed by the DOC and working as a correctional officer at DWCF in June 2009. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that he was working on June 17, 2009, at DWCF and therefore denies same. Defendant denies all of the remaining allegations contained in paragraph 23 of Plaintiffs' Second Amended Complaint.

24. Defendant denies all of the allegations contained in paragraph 24 of Plaintiffs' Second Amended Complaint.

25. Defendant denies all of the allegations contained in paragraph 25 of Plaintiffs' Second Amended Complaint.

26. Defendant denies all of the allegations contained in paragraph 26 of Plaintiffs' Second Amended Complaint.

27. Defendant denies all of the allegations contained in paragraph 27 of Plaintiffs' Second Amended Complaint.

28. Defendant denies all of the allegations contained in paragraph 28 of Plaintiffs' Second Amended Complaint.

29. Defendant denies all of the allegations contained in paragraph 29 of Plaintiffs' Second Amended Complaint.

30. Defendant denies all of the allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiffs' Second Amended Complaint and therefore denies same.

32. Defendant admits that he was employed by the DOC and working as a correctional officer at DWCF in June 2009. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that he was working on June

20, 2009, at DWCF and therefore denies same. Defendant denies all of the remaining allegations contained in paragraph 32 of Plaintiffs' Second Amended Complaint.

33. Defendant denies all of the allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint.

34. Defendant denies all of the allegations contained in paragraph 34 of Plaintiffs' Second Amended Complaint.

35. Defendant denies all of the allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint.

36. Defendant denies all of the allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint.

37. Defendant denies all of the allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint.

38. Defendant denies all of the allegations contained in paragraph 38 of Plaintiffs' Second Amended Complaint.

39. Defendant denies all of the allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint and therefore denies same.

41. Defendant admits that he was employed by the DOC and working as a correctional officer at DWCF in June 2009. Defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegation that he was working on any particular and specific date in June 2009, at DWCF and therefore denies same. Defendant denies all of the remaining allegations contained in paragraph 41 of Plaintiffs' Second Amended Complaint.

42.     Defendant denies all of the allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint.

43.     Defendant denies all of the allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint.

44.     Defendant denies all of the allegations contained in paragraph 44 of Plaintiffs' Second Amended Complaint.

45.     Defendant denies all of the allegations contained in paragraph 45 of Plaintiffs' Second Amended Complaint.

46.     Defendant denies all of the allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint.

47.     Defendant denies all of the allegations contained in paragraph 47 of Plaintiffs' Second Amended Complaint.

48.     Defendant denies all of the allegations contained in paragraph 48 of Plaintiffs' Second Amended Complaint.

49.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint and therefore denies same.

50. Defendant admits that he was employed by the DOC and working as a correctional officer at DWCF in April 2009. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that he was working on any specific day in April 2009 at DWCF and therefore denies same. Defendant denies all of the remaining allegations contained in paragraph 50 of Plaintiffs' Second Amended Complaint.

51. Defendant denies all of the allegations contained in paragraph 51 of Plaintiffs' Second Amended Complaint.

52. Defendant denies all of the allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint.

53. Defendant denies all of the allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint.

54. Defendant denies all of the allegations contained in paragraph 54 of Plaintiffs' Second Amended Complaint.

55. Defendant denies all of the allegations contained in paragraph 55 of Plaintiffs' Second Amended Complaint.

## V. STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983—Eighth Amendment and Fourteenth Amendment Violations—Cruel and Unusual Punishment)

56. Defendant incorporates herein by reference, his answers to each and every allegation in paragraphs 1 through 55 of Plaintiffs' Second Amended Complaint

above, as if said answers were set forth more fully herein as his answer to the allegations contained in paragraph 56 of Plaintiffs' Second Amended Complaint.

57. Defendant admits that he generally acts under color of state law as a correctional officer employed by the DOC. Defendant denies all of the remaining allegations contained in paragraph 57 of Plaintiffs' Second Amended Complaint.

58. Defendant denies all of the allegations contained in paragraph 58 of Plaintiffs' Second Amended Complaint.

59. Defendant denies all of the allegations contained in paragraph 59 of Plaintiffs' Second Amended Complaint.

60. Defendant denies all of the allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint.

61. Defendant denies all of the allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint.

62. Defendant denies all of the allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint.

**SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983—Fourteenth Amendment
Substantive Due Process—Invasion of Bodily Integrity)

63. Defendant incorporates herein by reference, his answers to each and every allegation in paragraphs 1 through 62 of Plaintiffs' Second Amended Complaint above, as if said answers were set forth more fully herein as his answer to the allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint.

64. Defendant admits that he generally acts under color of state law as a correctional officer employed by the DOC. Defendant denies all of the remaining allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint.

65. Defendant denies all of the allegations contained in paragraph 65 of Plaintiffs' Second Amended Complaint.

66. Defendant denies all of the allegations contained in paragraph 66 of Plaintiffs' Second Amended Complaint.

67. Defendant denies all of the allegations contained in paragraph 67 of Plaintiffs' Second Amended Complaint.

68. Defendant denies all of the allegations contained in paragraph 68 of Plaintiffs' Second Amended Complaint.

69. Defendant denies all of the allegations contained in paragraph 69 of Plaintiffs' Second Amended Complaint.

70. Defendant denies all of the allegations contained in paragraph 70 of Plaintiffs' Second Amended Complaint.

## **PRAYER FOR RELIEF**

Defendant denies all of the allegations contained following the word "Wherefore" on page 10 of Plaintiffs' Second Amended Complaint, including all of the allegations contained in subparagraphs (a) through (g). Defendant denies Plaintiffs are entitled to any of the relief requested in the Plaintiffs' Second Amended Complaint.

## **GENERAL DENIAL**

Defendant denies all of the allegations contained in Plaintiffs' Second Amended Complaint not specifically admitted herein.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiffs' Second Amended Complaint fails to state a claim as to which any relief may be granted against the Defendant.

2. Defendant is entitled to qualified immunity from all claims against him.

3. Plaintiffs' claims do not rise to the level of a constitutional violation, sufficient to state a claim upon which relief may be granted.

4. Any injuries and damages sustained by Plaintiffs, in whole or in part, were proximately caused by their own acts or omissions and/or the acts or omissions of third parties over whom Defendant had no control or right of control.

5. Plaintiffs failed to mitigate their damages, if any, as required by law.

6. At all times pertinent herein, Defendant acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to cause Plaintiffs any harm.

7. Plaintiffs' claims may be barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq.*

8. Defendant's conduct was, at all times, lawful, justified and privileged, and any actions complained of by Plaintiffs in relation to Defendant were justified by legitimate penological reasons.

9. Plaintiffs' injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendant, nor were they proximately caused by or related to any act or omission of Defendant.

10. Defendant never breached any duty owed Plaintiffs at any time in the course of their incarceration.

11. Defendant may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

12. Plaintiffs' claims against the Defendant are barred, in whole or in part, due to a failure of personal participation on his part.

13. All actions of Defendant taken with respect to Plaintiffs were taken in good faith and were reasonable under the circumstances.

14. Some or all of Plaintiffs' claims are barred by their failure to comply with jurisdictional and administrative prerequisites to suit, including applicable deadlines.

15. Defendant followed the regulations and procedures of the Colorado Department of Corrections and the State of Colorado in connection with any contact with Plaintiffs.

16. Plaintiff's claims for punitive or exemplary damages against Defendant are barred, reduced, or in the alternative, are unconstitutional and would violate his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

17. Plaintiffs are not entitled to the relief sought in the Second Amended Complaint under any of the theories asserted.

18. Defendant specifically reserves the right to amend his Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, Defendant Theodore Shackleton respectfully requests an order of the Court dismissing the Plaintiffs' Second Amended Complaint with prejudice, granting his attorneys fees and costs as allowed by law and such other and further relief, as the Court deems proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Defendant hereby requests a trial by jury on all issues so triable.

Dated this 18th day of October, 2011.

Respectfully submitted,

s/ Andrew D. Ringel
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street #600
Denver, CO 80202-2052
303-628-3453 Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 18th day of October, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bradley R. Irwin, Esq.
birwin@coloradolawyers.com

Rick A. Carmickle, Esq.
rcarmickle@coloradolawyers.com

 

s/ Loree Trout, Secretary to
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street #600
Denver, CO 80202-2052
303-628-3453 Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANT**

\\HALLX3400\Lssdocuments\00000072\00119321.000.DOCX