IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No.  11-cv-00112-REB-BNB

HEIDI JEWKES,
ADELINE ROYBAL,
NATASHA SWENSON,
NICOLE MONTOYA,
NICOLE MORRIS,

       Plaintiffs,

v.

C.O. THEODORE SHACKLETON, Correctional Officer at the Denver Women's
Correctional Facility, in his individual and official capacity,

       Defendant.

---

## ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

       The matter before me is defendant Theodore Shackleton's **Defendant's Motion for Summary Judgment** [#38][1] filed December 22, 2011.  The plaintiff filed a response [#41], and the defendant filed a reply [#42].  I grant the motion in part and deny it in part.[2]

## I.  JURISDICTION

       I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

---

[1]  "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2]  The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* FED. R. CIV. P. 56(c) and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10thCir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

## III.  ANALYSIS

The plaintiffs, Heidi Jewkes, Adeline Roybal, Natasha Swenson, Nicole Montoya, and Nicole Morris, all were incarcerated at the Denver Women's Correctional Facility ("DWCF") during the alleged incidents described in the complaint.  Each woman alleges that the defendant, Theodore Shackleton, who was a correctional officer at DWCF, forced them to perform sex acts with him on various dates in April and June of 2009.  All five filed suit against Mr. Shackleton alleging violation of their rights under the Eighth and Fourteenth Amendments of the Constitution of the United States.  *Amended Complaint* [#35], 8-9.  In response, Mr. Shackleton argues that the plaintiffs' claims are barred by 42 U.S.C. § 1997e because the plaintiffs failed to exhaust their administrative remedies.  Section 1997e is part of the Prison Litigation Reform Act ("PLRA").  A defense of failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense.  ***Jones v. Bock***, 549 U.S. 199, 216 (2007).  On the issue of failure to exhaust administrative remedies, the defendant has the burden of proof.

Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Colorado Department of Corrections ("CDOC") requires prisoners to complete a three step grievance process in order to exhaust their administrative remedies.  *See* CDOC Admin. Reg. No. 850-04 § IV(H)(1)(a-c).  Under the applicable regulation, a prisoner may file a step 1 grievance within 30 calendar days from the date she knew of the facts giving rise to her grievance."  CDOC Admin. Reg. No. 850-04 § IV(I)(1)(a).  A response is due from the CDOC twenty-five days after receipt of the step 1 grievance.  CDOC Admin. Reg. No. 850-04 § IV(I)(1)(a).  The prisoner, after receiving a response to step 1, then has five days to proceed to a step 2

grievance.  CDOC Admin. Reg. No. 850-04 § IV(I)(1)(c).   CDOC has another twenty-five days to respond to the step 2 grievance, the prisoner is given five days to file a step 3 grievance, and the CDOC then has forty-five days to issue a final response.  CDOC Admin. Reg. No. 850-04 § IV(I)(1)(b-c).

## A.  NICOLE MONTOYA

Evidence submitted by Mr. Shackleton shows that Ms. Montoya did not file any grievances regarding her alleged incident with Mr. Shackleton.  The CDOC grievance officer, Anthony DeCesaro, avers that Ms. Montoya did not submit a step 3 grievance. *Declaration* [#38-1], ¶ 15 at 4. Ms. Montoya concedes that she did not exhaust her administrative remedies.  *Response* [#41], 7.  As a result, Ms. Montoya's claims are barred by § 1997e.   Therefore, the defendant's motion for summary judgment must be granted as to Ms. Montoya's claims.

## B.  NICOLE ROYBAL

Ms. Roybal filed her step 1 grievance on July 28, 2009, more than thirty days after June 17th, 2009, the date of her alleged sexual assault.  *Roybal Grievance* [#38-1], 10.  However, the CDOC employee reviewing her step 1 grievance did not deny it on the basis of untimely filing.  The same timeliness issue and result occurred with her step 2 grievance.  *Id.* at 11.  However, the plaintiff's step 3 grievance was denied because her step 2 grievance was submitted after the deadline for filing a step 2 grievance.  *Id.* at 13.  Despite apparently forfeiting any timeliness objection during step 1 and step 2 of the grievance process, the CDOC properly raised the timeliness issue before the administrative process had concluded.  Ms. Roybal also concedes that she failed properly to exhaust her administrative remedies.  *Response* [#41], 6.  As a result, Ms. Roybal's claims are barred by § 1997e.  Therefore, the defendant's motion for summary

judgment must be granted as to Ms. Roybal's claims.

## C.  HEIDI JEWKES

Ms. Jewkes filed her step 1 grievance on July 29, 2009, more than thirty days after June 17th, the date of her alleged sexual assault.  *Response* [#41], 3. Despite this, the CDOC employee reviewing her grievance did not deny it on the basis of untimely filing.  Rather, the CDOC responded substantively, saying the case was "being dealt with by the Denver Police Department, Sexual Assault unit" and that it was being treated as "a priority case."  *Jewkes Grievance* [#38-1], 6.  Ms. Jewkes then filed a timely step 2 grievance and received a substantive response indicating that the matter was "under active investigation" and that it continued to be a "priority case."  *Id.* at 7. Finally, Ms. Jewkes filed a timely step 3 grievance and received a substantive response expressly indicating she had "exhausted [her] administrative remedies."  *Id.* at 8-9.  At no point in the grievance process concerning Ms. Jewkes' grievance did the CDOC raise the issue of the timeliness of Ms. Jewke's step 1 grievance.

The defendant argues that Ms. Jewkes's failure to file her step 1 grievance within thirty days of the alleged incident bars her claim because her step 1 grievance was not timely under the CDOC regulations and, therefore, she did not properly exhaust her administrative remedies.  *Motion* [#38], 13.  Mr. Shackleton to Supreme Court precedent holding that, in order to properly exhaust administrative remedies, prisoners "must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." ***Woodford v. Ngo***, 548 U.S. 81, 88 (2006);  *Motion* [#38], 11.  However, the facts of ***Woodford*** differ importantly from those in this case.

In ***Woodford***, the prisoner filed a grievance approximately six months after the

5

deadline for filing such a grievance had passed. *Woodford*, 548 U.S. at 87. The grievance was rejected as untimely and the prisoner appealed that decision without success. *Id.* The issue for the Court was whether the prisoner had exhausted his administrative remedies. *Id.* The Court held that "the PLRA exhaustion requirement requires proper exhaustion." *Id.* at 93. It reasoned that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 94.

The difference in this case is that the prison grievance system *was* given a fair opportunity to consider the grievance, and thus the administrative remedies *were* exhausted. At each step, the CDOC grievance officers could have raised the issue of timeliness, but did not do so. The defendant cites to Tenth Circuit precedent that in order to "exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir, 2007). However, the court in *Fields* did not address the facts of this case where the CDOC forfeited any objection to untimely compliance with grievance procedures when it issued its final step 3 response to Ms. Jewkes, which indicated that "[t]his is the final administrative response in this matter and you have exhausted your administrative remedies." *Jewkes Grievance* [#38-1], 9.

The defense seizes upon the word "properly" and points to another Supreme Court case holding that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' . . . -rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (quoting *Woodford*, 548 U.S. at 88). However, the prison not only defines the rules, but also can waive the

enforcement of them.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) (abrogated on other grounds).  In *Ross*, the court held that "[i]f a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Here, by responding substantively to all three grievances submitted by Ms. Jewkes, the prison effectively accepted her belated step 1 filing and considered it on the merits. Indeed, the difference between Ms. Jewkes's case and Ms. Roybal's case is that the CDOC, although initially addressing Ms. Roybal's case substantively, chose to raise the timeliness issue and reject her grievance, whereas the CDOC responded fully and substantively to Ms. Jewkes's grievance without raising the timeliness issue at any stage of the grievance process.  As a result, Ms. Jewkes fully and properly exhausted her administrative remedies.  Therefore, with regard to Ms. Jewkes's case, the defendant's motion for summary judgment, based on an asserted failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e, must be denied.

## D.  NATASHA SWENSON

Ms. Swenson filed her step 1 grievance on July 28, 2009, more than thirty days after June 20th,  the date of her alleged sexual assault.  *Response* [#41], 6.  Despite this, the CDOC employee reviewing her grievance did not deny it on the basis of untimely filing.  *Swenson Grievance* [#38-1], 14.  Ms. Swenson then filed a timely step 2 grievance, and received a substantive response indicating that the matter was "under active investigation."  *Id.* at 15.  Finally, Ms. Swenson filed a timely step 3 grievance and received a substantive response expressly indicating she had "exhausted [her]

administrative remedies." *Id.* at 17.  In all significant respects, Ms. Swenson's progress through the grievance process was identical to that of Ms. Jewkes.  Thus, the analysis of Ms. Swenson's case is the same.  Ms. Swenson fully and properly exhausted her administrative remedies.  Therefore, with regard to Ms. Swenson's case, the defendant's motion for summary judgment, for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e, must be denied.

### E.  NICOLE MORRIS

Ms. Morris alleges she was sexually assaulted by Mr. Shackleton on April 1, 2009.  She did not file any grievances with the CDOC.  *Response* [#41], 7.  However, Ms. Morris contends that she was released from prison on May 14, 2009, and, therefore, even if she had filed a timely step 1 grievance, she would not have been able to complete all three steps of the grievance process before she was released.  Ms. Morris supports her contention by providing a "chronlog" report of her incarceration. *Response* [#41-1], 4-5.  However, the log indicates that Ms. Morris "met" with the parole board on May 13, 2009.  *Id.* at 5.  Subsequent entries indicate Ms. Morris remained incarcerated until August 31, 2009.  *Id.* at 4-5.  Teresa Reynolds, the Legal Access Group Leader for CDOC, confirms in a written declaration that Ms. Morris indeed was incarcerated until August 31, 2009.  *Declaration* [#42-1], 2.  One hundred and fifty-two days elapsed between April 1, 2009, the date of the alleged incident, and the August 31, 2009, the date of Ms. Morris's release.

Under the applicable regulation, Ms. Morris could file a step 1 grievance within 30 calendar days from the date she knew of the facts giving rise to her grievance.  CDOC Admin. Reg. No. 850-04 § IV(I)(1)(a).  At its lengthiest, the entire grievance procedure

established in CDOC Admin. Reg. No. 850-04 § IV could last for one hundred and thirty-five days.  Because Ms. Morris was imprisoned for one hundred and fifty-two days after the alleged incident, she had time to exhaust her administrative remedies, but she did not do so.

Ms. Morris argues that all of this is irrelevant because, on her release, her right to file a civil lawsuit accrued.  *Response* [#41], 9.  When a prisoner is released, the exhaustion requirement is no longer applicable, and the prisoner may file a lawsuit even if the requirements of § 1997e have not been met.  ***Norton v. City of Marietta***, 432 F.3d 1145, 1150 (10th Cir. 2005).  However, Ms. Morris was incarcerated again in January 2010 and was not released until October 2011.  *Declaration* [#42-1], 2.  It is undisputed that Ms. Morris was incarcerated when she filed this lawsuit on January 15, 2011.  *See Response* [#41], 9-10; *Reply* [#42], 11.

Ms. Morris's view is that it is illogical to require her to exhaust her administrative remedies on her return to prison because at that point she was six months past the deadline for filing grievances.  *Response* [#41], 9. However, she ignores the fact that she *had* an opportunity to file such grievances properly during her prior incarceration.  Ms. Morris offers no case law to support her argument, and the federal courts that have addressed this precise situation have concluded the PLRA's exhaustion of administrative remedies requirement applies when a plaintiff prisoner is released from incarceration but later re-incarcerated and remains incarcerated at the time the lawsuit is filed.  ***See, e.g., Berry v. Kerik,*** 366 F.3d 85, 87 (2d Cir. 2003) (holding plaintiff who had been released but was re-incarcerated at the time lawsuit filed was required to exhaust administrative remedies under the PLRA); ***Gibson v. Brooks,*** 335 F.Supp.2d

325, 330-31 (D. Conn. 2004); ***Contino v. Hillsborough Cnty. Dept. of Corr.***, No. 09-CV-65-PB, 2011 WL 4406320, at *9 n. 3 (D.N.H. Sept. 21, 2011).

The court in ***Gibson*** acknowledged that application of the PLRA in this type of situation "creates a rather odd situation in which a person's ability to enforce his or her constitutional rights can be stripped upon incarceration, even where the rights to be enforced were infringed during that person's incarceration on an unrelated conviction." ***Gibson***, 335 F. Supp. at 330.  However, the plain language of § 1997e states that the PLRA applies to "a prisoner confined in any jail, prison, or other correction facility" and makes no exceptions.  42 U.S.C. § 1997e(a).  Ms. Morris was a prisoner when she filed this lawsuit and, as a result, is subject to the requirements of § 1997e(a).  Accordingly, with regard to Ms. Morris's case, the defendant's motion for summary judgment, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e, must be granted.

## IV.  CONCLUSION

Nicole Montoya failed to file a grievance of any kind in her case.  Thus, she did not exhaust her administrative remedies, and, therefore, the defendant's motion for summary judgment will be granted as to Ms. Montoya's claims.  Adeline Roybal did file grievances, but at least one of them was untimely.  The CDOC denied her grievance based on her untimely filing.  Ms. Roybal did not exhaust her administrative remedies and, therefore, the defendant's motion for summary judgment will be granted as to Ms. Roybal's claims.  Heidi Jewkes and Natasha Swenson both submitted all three of the requisite grievances.  Despite an untimely filing of their step 1 grievances, the CDOC considered the merits of their cases and did not raise the issue of timeliness.  Thus,

these two plaintiffs properly exhausted their administrative remedies.  Therefore, the defendant's motion for summary judgment will be denied as to the claims asserted by Ms. Jewkes and Ms. Swenson.  Finally, Ms. Morris failed to file any grievances and thus did not exhaust her administrative remedies.  Her release and subsequent re-incarceration do not change the requirement that, if the plaintiff is confined in any jail, prison, or other correction facility when they file their case, the exhaustion requirement is applicable.  Therefore, the defendant's motion for summary judgment will be granted as to Ms. Morris's claims.

### V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendant's Motion for Summary Judgment** [#38] filed December 22, 2011, is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.  The motion is **GRANTED** with respect to plaintiff Nicole Montoya's claims set forth in her **Second Amended Complaint and Demand for Jury Trial** [#35], filed October 14, 2011, and those claims are **DISMISSED WITHOUT PREJUDICE** under 42 U.S.C. § 1997e;

b.  The motion is **GRANTED** with respect to plaintiff Adeline Roybal's claims set forth in her **Second Amended Complaint and Demand for Jury Trial** [#35], filed October 14, 2011, and those claims are **DISMISSED WITHOUT PREJUDICE** under 42 U.S.C. § 1997e;

c.  The motion is **GRANTED** with respect to plaintiff Nicole Morris's claims set forth in her **Second Amended Complaint and Demand for Jury Trial** [#35], filed October 14, 2011, and those claims are **DISMISSED**

**WITHOUT PREJUDICE** under 42 U.S.C. § 1997e;

d.  The motion is **DENIED** with respect to the claims of Heidi Jewkes and Natasha Swenson set forth their **Second Amended Complaint and Demand for Jury Trial** [#35], filed October 14, 2011;

2.  That plaintiffs Natasha Swenson, Nicole Montoya, and Nicole Morris are **DROPPED** as plaintiffs in this action, and the caption **SHALL BE AMENDED** accordingly;

3.  That when final judgment enters in this case, judgment **SHALL ENTER** in favor of defendant, Theodore Shackleton, against plaintiffs Nicole Montoya, Adeline Roybal, and Nicole Morris as to their claims set forth in **Second Amended Complaint and Demand for Jury Trial** [#35] filed October 14, 2011; provided, that the judgment as to these claims shall be without prejudice.

Dated July, 20, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge