IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-00112-REB-BNB

HEIDI JEWKES, and
NATASHA SWENSON,

    Plaintiffs,

v.

C.O. THEODORE SHACKLETON, Correctional Officer at the Denver Women's Correctional Facility, in his individual and official capacity,

    Defendant.

_____

## DEFENDANT'S TRIAL BRIEF
_____

Defendant Theodore Shackleton, by and through his counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submits this Trial Brief, as follows:[1]

### I. EIGHTH AMENDMENT LEGAL STANDARDS

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement that includes an inmate's reasonable safety from serious bodily injury. ***Farmer v. Brennan,*** 511 U.S. 825, 832 (1994). Claims alleging sexual misconduct by prison guards of inmates are analyzed as Eighth Amendment excessive force claims. ***Smith v. Cochran,*** 339 F.3d 1205, 1212 (10th Cir. 2003). An Eighth

---

[1] Pursuant to this Court's Practice Standards for Civil Actions, Defendant did not submit any motions in limine, but raise evidentiary issues in this Trial Brief. *See* REB Civ. Practice Standard, V.D.1. Defendant respectfully requests this Court address the evidentiary issues raised in Sections II-VI below on a pretrial basis.

Amendment excessive force claim requires proof on two issues. First, an objective inquiry that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. Second, a subjective inquiry requiring the plaintiff to show that the prison official acted with a sufficiently culpable state of mind. ***Giron v. Corrections Corp. of America,*** 191 F.3d 1281, 1289 (10th Cir. 1999); ***Smith,*** 339 F.3d at 1212. Under the objective inquiry, an inmate has a constitutional right to be secure in her bodily integrity and free from sexual misconduct by prison guards. ***Hovater v. Robinson,*** 1 F.3d 1063, 1068 (10th Cir. 1993); ***Barney v. Pulsipher,*** 143 F.3d 1299, 1310 (10th Cir. 1998). Under the subjective inquiry, "the standard of culpability necessary to an Eighth Amendment violation is one of deliberate indifference." ***Tafoya v. Salazar,*** 516 F.3d 912, 916 (10th Cir. 2008). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." ***Farmer,*** 511 U.S. at 837.

## II. ANY DNA TEST RESULT PURPORTING TO IDENTIFY THE DEFENDANT IS INADMISSIBLE

Defendant anticipates Plaintiffs will seek to introduce evidence of a DNA test result purporting to identify the Defendant. Plaintiffs have endorsed a police report that includes some limited information about the DNA test. [*See* Denver Police Department Investigation of Colorado Department of Corrections Officer Shackleton, at 22]. Multiple problems exist with any attempted introduction of the DNA test results. First, multiple levels of hearsay exist that preclude the DNA test result from being admissible.

Second, Plaintiffs cannot establish the chain of custody of the alleged sample from the Defendant that resulted in the DNA test.  *Compare* **United States v. Yeley-Davis,** 632 F.3d 673, 683 (10th Cir.), *cert. denied,* 131 S.Ct. 2172 (2011) (describing chain of custody requirement for admission of evidence).  Third, attempting to introduce a DNA test result as reported in a police report fails to establish any evidentiary or scientific basis for the DNA test result.  Any introduction of the DNA test result must be done through expert testimony in a manner which allows the Defendant the opportunity to challenge all aspects of the manner in which the sample was collected, tested, identified, and analyzed.  *Compare* **Attorney General of State of Okla. v. Tyson Foods, Inc.,** 565 F.3d 769, 780-81 (10th Cir. 2009) (affirming exclusion of DNA evidence under Fed. R. Evid. 702 and **Daubert**); **Compton v. Hartley,** 2009 U.S. Dist. LEXIS 91902 at *30-57 (D. Colo. Sept. 22, 2009), *appeal dismissed,* 372 Fed. Appx. 841 (10th Cir. 2010) (unpublished disposition attached as Exhibit A) (analyzing in detail admissibility of DNA evidence).  The introduction of a report of a DNA test result standing alone is fundamentally inconsistent with both the Federal Rules of Evidence and notions of due process.

### III.  ANY EVIDENCE OF ALLEGED OTHER SEXUAL MISCONDUCT BY DEFENDANT MUST BE EXCLUDED

Plaintiffs may attempt to introduce evidence at trial concerning the alleged other sexual misconduct by the Defendant involving former Plaintiffs Adeline Roybal, Nicole Montoya, and Nicole Morris.  Any such evidence must be excluded by this Court pursuant to Fed. R. Evid. 415, Fed. R. Evid. 404(b), and Fed. R. Evid. 403.

First, Plaintiffs have not complied with the notice requirement of Fed. R. Evid. 415.  That Rule requires a party seeking to introduce similar acts evidence in a civil case involving sexual assault to disclose an intent to do so to the opposing party "at least 15 days before trial or at a later time that the court allows for good cause."  Fed. R. Evid. 415.  While it is not clear exactly what type of notice is required under Fed. R. Evid. 415, Defendant believes an appropriate notice would be some sort of submission to this Court served on the Defendant that specifically references Fed. R. Evid. 415.  Because the Plaintiffs have never provided any such notice, any attempt to introduce any evidence of other alleged sexual assaults by the Defendant pursuant to Fed. R. Evid. 415 must be precluded by this Court.[2]

Second, no such evidence is properly admissible under Fed. R. Evid. 404(b).  Initially, this Court must determine as a preliminary matter whether a jury could reasonably conclude from a preponderance of the evidence that the other act occurred and that the Defendant was the actor.  **Huddleston v. United States,** 485 U.S. 681, 689 (1988); **Seeley v. Chase,** 443 F.3d 1290, 1295 (10th Cir. 2006).  After this threshold determination has been made, a four-part analysis applies for determining the admissibility of evidence under Rule 404(b).  The test requires:  (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court

---

[2]  To any extent this Court considers the merits of the admissibility of this other alleged sexual acts evidence pursuant to Fed. R. Evid. 415, a similar analysis discussed above related to admissibility under Fed. R. Evid. 404(b) is required including a finding by this Court that the jury could reasonably find the other act occurred, as well as appropriate analysis under Fed. R. Evid. 402 and Fed. R. Evid. 403.  See **Seeley,** 443 F.3d at 1294-95.

must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. **United States v. Davis,** 636 F.3d 1281, 1297 (10th Cir. 2011); **United States v. Zamora,** 222 F.3d 756, 762 (10th Cir.), *cert. denied,* 531 U.S. 1043 (2000).

Here, Plaintiffs cannot meet the requirements of admissibility under Fed. R. Evid. 404(b).  To begin, Plaintiffs cannot establish by a preponderance of the evidence that Defendant committed the alleged other acts.  Defendant vigorously denies doing anything he is accused of by the former Plaintiffs.  Allowing the Plaintiffs to attempt to introduce evidence concerning the Defendant's alleged actions with the three former Plaintiffs will require mini-trials on these issues including the presentation of substantial evidence for the Defendant to exonerate himself from the accusations.  No other court or law enforcement agency has ever determined Defendant was responsible for anything alleged by the former Plaintiffs and therefore for the Plaintiffs to prove the allegations for Rule 404(b) purposes will require substantial proof as well as significant contesting evidence from the Defendant.

Further, Plaintiffs cannot identify any proper purpose under Rule 404(b) for the admission of the other acts evidence.  None of the itemized purposes under Rule 404(b) apply here.  Instead, any effort by the Plaintiffs to introduce the other acts evidence would be for the prohibited purpose of attempting to establish Defendant sexually

assaulted the Plaintiffs themselves.  Compare **Wilson v. Muckala,** 303 F.3d 1207, 1217 (10th Cir. 2002) (affirming exclusion of evidence of prior alleged sexual harassment under Rule 404(b)).  Finally, the other acts evidence should be excluded under Fed. R. Evid. 403.  Given the nature of the allegations against the Defendant, this Court must exercise particular care to avoid prejudice by the introduction of other alleged sexual misconduct by the Defendant involving other inmates.  See, e.g., **United States v. Castillo,** 140 F.3d 874, 884 (10th Cir. 1998) (emphasizing the importance of Rule 403 balancing inquiry and the need to make a clear record on issue in a case under Fed. R. Evid. 414).  In this case, the jury will be called upon to judge the credibility of the Plaintiffs' allegations in contrast to the Defendant's vehement denials.  Requiring the Defendant to contest additional allegations not from the Plaintiffs will prejudice the jury and likely result in a determination based on the Defendant's alleged propensity or character rather than properly based on the evidence actually presented at trial.

### IV. PLAINTIFFS HAVE WAIVED VARIOUS OBJECTIONS TO THE DEFENDANT'S EXHIBITS BY FAILING TO SUBMIT FED. R. CIV. P. 26(a)(3) OBJECTIONS

The Final Pretrial Order entered by this Court on June 15, 2012, established a deadline of July 6, 2012, for objections to exhibits pursuant to Fed. R. Civ. P. 26(a)(3).  [See Final Pretrial Order, at 16, ECF No. 54].  Defendant submitted his Fed. R. Civ. P. 26(a)(3) Objections on July 5, 2012.  [See Defendant's Objections to Plaintiffs' Exhibits Pursuant to Fed. R. Civ. P. 26(a)(3), ECF No. 57].  Plaintiffs, however, filed no Fed. R. Civ. P. 26(a)(3) objections to the Defendant's exhibits.

Fed. R. Civ. P. 26(a)(3)(B) provides as follows:

>   (B)  *Time for Pretrial Disclosures; Objections.*  Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections:  any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii).  An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause.

Fed. R. Civ. P. 26(a)(3)(B).  A failure to file a timely objection under this Rule results in a waiver of any objection not pursuant to Fed. R. Evid. 402 or 403.  *See, e.g.,* **KB Home v. Antares Homes, Ltd.,** 2008 U.S. Dist. LEXIS 85655 at *14-15 (N.D. Tex. Oct. 23, 2008) (unpublished disposition attached hereto as Exhibit B) ("Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure provides that any objection to the admissibility of materials disclosed pretrial 'not so made—is waived unless excused by the court for good cause.' The court determined that because Plaintiff objects to its own exhibit and because it failed to raise this objection until trial, the objection was waived.  Moreover, the court determines that Plaintiff did not show that good cause existed to excuse its waiver.").

The purpose of this Rule is to allow an opposing party the opportunity to learn what exhibits are in dispute and the basis for the dispute.  *See, e.g.,* 1993 Amendments Advisory Committee Notes ("Similar provisions have become commonplace either in pretrial orders or by local rules, and significantly expedite the presentation of evidence at trial, as well as eliminate the need to have available witnesses to provide 'foundation' testimony for most items of documentary evidence.").  Defendant has relied upon

7

Plaintiffs' failure to submit timely Fed. R. Civ. P. 26(a)(3)(B) objections.  Had Plaintiffs challenged the authenticity of the Defendant's exhibits the Defendant would have obtained the appropriate certification pursuant to Fed. R. Evid. 902(11) and given the appropriate notice under that Rule.  Because of Plaintiffs' non-objection on authenticity (and other) grounds under Fed. R. Civ. P. 26(a)(3)(B), Defendant did not do so.

### V.  PLAINTIFFS' PROPOSED EXHIBITS CONSISTING OF A POLICE INVESTIGATION REPORT AND POLICE INTERVIEWS ARE INADMISSIBLE

A variety of Plaintiffs' proposed exhibits are inadmissible.  Defendant challenges the admissibility of the following Plaintiffs' proposed exhibits:  (1) Heidi Jewkes 9/25/09 audio recorded interview with the Denver Police Department regarding Correctional Officer Shackleton; (2) Adeline Roybal 9/25/09 audio recorded interview with the Denver Police Department regarding Correctional Officer Shackleton; (3) Nicole Montoya 9/22/09 audio recorded interview with the Denver Police Department regarding Correctional Officer Shackleton; (4) Nicole Morris 9/22/09 audio recorded interview with the Denver Police Department regarding Correctional Officer Shackleton; (5) Denver Police Department Investigation of Colorado Department of Corrections Officer Shackleton; (6) Corey Rogers audio recorded interview with the Denver Police Department; (7) Inmate Jill Coit's audio recorded interview with the Denver Police Department regarding Correctional Officer Shackleton; (8) Jill Coit's Denver Police Department interview regarding Correctional Officer Shackleton; and (9) Jill Coit's audio

recorded telephone calls to the Denver Police Department regarding Correctional Officer Shackleton.[3]

First, all of these proposed exhibits are hearsay. *See* Fed. R. Evid. 801, 802, 803(8); **United States v. Pazsint,** 703 F.2d 420, 424 (9th Cir. 1983) ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not."); **AAMCO Transmissions, Inc. v. Baker,** 591 F.Supp.2d 788, 793-98 (E.D. Pa. 2008) (concluding audio recordings of interviews as part of an investigation not admissible as hearsay); **United States v. Carneglia,** 256 F.R.D. 384, 390-95 (E.D.N.Y. 2009) (analyzing hearsay of police reports and statements made by witnesses contained therein including audio interviews). Second, Plaintiffs have identified no witnesses who could testify to establish the foundation for these exhibits. [*See* Final Pretrial Order, at 8-10 (ECF No. 54)].[4] Third, some of the content of the audio interviews is itself hearsay, is based on a lack of personal knowledge, or is otherwise inadmissible. Fourth, the introduction of a prior statement by anyone testifying at trial is unnecessary and inappropriate until and unless

---

[3] In addition to the evidentiary barriers to the admissibility of these exhibits expressed in this section, the interviews of former Plaintiffs Adeline Roybal, Nicole Montoya, and Nicole Morris should also be excluded for the reasons articulated in Section III above.

[4] Moreover, counsel for the Plaintiffs represented during the Trial Preparation Conference held on July 20, 2012, that the only witnesses Plaintiffs intended on calling at trial were Heidi Jewkes, Natasha Swenson, and Theodore Shackleton.

Plaintiffs can meet the requirements of Fed. R. Evid. 801(d)(1)(B). Fifth, the introduction of these exhibits is contrary to Fed. R. Evid. 403.

### VI.  PLAINTIFF MUST NOT BE ALLOWED TO MENTION THE ISSUE OF PUNITIVE DAMAGES BEFORE THE JURY UNTIL THIS COURT DETERMINES PUNITIVE DAMAGES COULD BE SUBMITTED TO THE JURY

Punitive damages may be available for 42 U.S.C. § 1983 claims brought against individual governmental officials. **Griffith v. State of Colorado,** 17 F.3d 1323, 1327 (10th Cir. 1994); **Wren v. Spurlock,** 798 F.2d 1313, 1322 (10th Cir. 1986), *cert. denied,* 479 U.S. 1085 (1987). In **Smith v. Wade,** 461 U.S. 30 (1983), the Supreme Court held that punitive damages may only be awarded when the official's "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Id.* at 56. A finding of a constitutional violation is insufficient to demonstrate that an individual defendant acted with an evil motive or in callous disregard of a plaintiff's constitutional rights. **Guides, Ltd. v. Yarmouth Group Property Management, Inc.,** 295 F.3d 1065, 1076-77 (10th Cir. 2002); **Coleman v. Rahija,** 114 F.3d 778, 787-88 (8th Cir. 1997).

Prior to allowing the issue of punitive damages to go to the jury, this Court must make a threshold legal determination whether Plaintiffs present sufficient facts to support an award of punitive damages. **Searles v. Van Bebber,** 251 F.3d 869, 879 (10th Cir. 2001), *cert. denied,* 536 U.S. 904 (2002); **Black v. M & W Gear Co.,** 269 F.3d 1220, 1239 (10th Cir. 2001) (describing district court grant of defense motion for judgment as a matter of law on issue of punitive damages prior to submission of issue

to the jury); **Knowlton v. Teltrust Phones, Inc.,** 189 F.3d 1177, 1186 (10th Cir. 1999) (same). Until this Court makes this threshold legal determination, it would be highly prejudicial to allow any statements or requests by counsel for the Plaintiffs concerning the issue of punitive damages. Any such statements would be unduly prejudicial to the Defendant if the Court ultimately rules Plaintiffs' request for punitive damages will not be presented to the jury. Statements respecting punitive damages must be barred consistent with Fed. R. Evid. 402 and this Court's discretion regarding the conduct of trial until and only if this Court makes the legal determination that Plaintiffs' punitive damages claim presents an issue to be determined by the jury.

WHEREFORE, Defendant Theodore Shackleton respectfully submits the foregoing Defendant's Trial Brief to the Court.

Dated this 30th day of July, 2012.

Respectfully submitted,

s/ Andrew D. Ringel
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street #600
Denver, CO 80202-2052
303-628-3453 Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 30th day of July, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bradley R. Irwin, Esq.
birwin@coloradolawyers.com

Rick A. Carmickle, Esq.
rcarmickle@coloradolawyers.com

s/  Loree Trout, Secretary to
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 Seventeenth Street #600
Denver, CO 80202-2052
303-628-3453 Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANT**

\\HALLX3400\Lssdocuments\00000153\00200919.000.DOCX