# INSTRUCTION NO. - 1 -

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and will soon hear argument, it becomes

my duty to give you the instructions of the court as to the law applicable to this case.  It

is your duty as jurors to follow the law as I shall state it to you, and to apply the law to

the facts as you find them from the evidence in the case. You are not to single out one

instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the court.

In explaining the rules of law that you must follow, first, I will give you some

general instructions which apply in every civil case – for example, instructions about

burden of proof and insights that may help you to judge the believability of witnesses.

Then I will give you some specific rules of law that apply to this particular case and,

finally, I will explain the procedures you should follow in your deliberations, and the

possible verdicts you may return.

Counsel may quite properly refer to some of the governing rules of law in their

arguments. If, however, any difference appears to you between the law as stated by

counsel and that stated by the court in these instructions, you are, of course, to be

governed by the final instructions of the court.

Nothing the court says in these instructions is to be taken as an indication that

the court has any opinion about the facts of the case, or what that opinion is. It is not

the function of the court to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.

The law does not permit you to be governed by sympathy, bias, prejudice, or public

opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. That is the oath that you took and the promise you made.

Anything you may have seen or heard outside the courtroom is not evidence, and must be disregarded entirely.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted, stipulated, or judicially noticed. Nothing else is evidence. The statements and arguments of the lawyers are not evidence. Their questions and objections are not evidence. Thus, if a lawyer asks a question of a witness that contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence. However, when the attorneys on both sides have stipulated or agreed as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved. The legal rulings of the court are not evidence. The comments and questions of the court are not evidence.

There are two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but requires that the jury find the facts in accordance with the evidence in the case, both direct and

circumstantial.

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel. You are the sole judges of the evidence received in this case.

You are to consider only the evidence in the case. However, in your consideration of the evidence, you are not limited to just the statements of the witnesses. In other words, you are not limited solely to what you saw and heard as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in light of your experience. An inference is a conclusion that reason and common sense may lead you to draw from the facts which you find have been proved by a preponderance of the evidence. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely .

Any finding of fact you make must be based on probabilities, not possibilities. A finding of fact may not be based on surmise, speculation, or conjecture.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony if she is permitted to do so.

Any verdict of the jury must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Any verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case and return a just verdict based upon the evidence in the case and the law as the court has presented it to you.

**INSTRUCTION NO. - 2 -**

The Eighth Amendment to the United States Constitution provides that no cruel and unusual punishment may be inflicted. Plaintiffs Heidi Jewkes and Natasha Swenson were inmates at Denver Women's Correctional Facility operated by the Colorado Department of Corrections in 2009. Plaintiff Heidi Jewkes claims her civil rights under the Eighth Amendment were violated by defendant Theodore Shackleton when he committed sexual acts on her in a chemical closet on or about June 17, 2009. Plaintiff Natasha Swenson claims her civil rights under the Eighth Amendment were violated by defendant Theodore Shackleton when he committed sexual acts on her in a chemical closet on two separate occasions, two weeks apart, in June of 2009.

Defendant Theodore Shackleton denies he forced plaintiffs to perform sexual acts on him or otherwise deprived plaintiffs of their rights under the Eighth Amendment.

## INSTRUCTION NO. - 3 -

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, by the manner in which the witness testifies, by the character of the testimony given, and by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

### INSTRUCTION NO. - 4 -

A witness may be discredited or impeached by evidence that the witness has been convicted of a felony, that is, an offense punishable by death or imprisonment for in excess of one year.

If you believe that any witness has been impeached and thus discredited, it is your exclusive responsibility to give the testimony of that witness such credibility, if any, as you think it deserves.

**INSTRUCTION NO. - 5 -**

In this civil action, the burden is on plaintiffs to prove every essential element of each claim by a preponderance of the evidence. If the proof should fail to establish any essential element of any of plaintiffs' claims by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and the exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted, stipulated, or judicially noticed.

**INSTRUCTION NO. - 6 -**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.

**INSTRUCTION NO. - 7 -**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## INSTRUCTION NO. - 8 -

The parties have agreed to stipulate that the following facts are true for the purpose of this trial. You should therefore treat all of these facts as having been proved.

1.    Plaintiff Heidi Jewkes was an inmate incarcerated at the Denver Women's Correctional Facility ("DWCF") in 2009.

2.    Plaintiff Natasha Swenson was an inmate incarcerated at DWCF in 2009.

3.    Defendant Theodore Shackleton was a Correctional Officer employed by the Colorado Department of Corrections who worked at DWCF in 2009.

4.    On June 10, 2009, Senior United States Court of Appeals Judge David M. Ebel issued his decision in the Amanda Hall case, civil action 08CV00999-DME-MEH.

## INSTRUCTION NO. - 9 -

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Plaintiff Heidi Jewkes and plaintiff Natasha Swenson each claim that defendant Theodore Shackleton violated each plaintiff's Eighth Amendment constitutional rights by using excessive and unnecessary force against each of them.

In order to prove a violation under the Eighth Amendment, the plaintiff whose claim you are then considering must show that defendant unnecessarily and wantonly inflicted pain on her. Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment, the plaintiff whose case you are considering must prove all of the following elements by a preponderance of the evidence:

First: That the defendant used force against the plaintiff maliciously and sadistically, for the very purpose of causing the plaintiff harm - [the terms "maliciously" and "sadistically" are defined in Instruction No. 10]; and

Second: That the plaintiff suffered some harm as a result of the use of force by the defendant; and

Third: That the defendant was acting under color of state law - [the term "under color of state law" is defined in Instruction No. 11].

If the plaintiff whose case you are considering fails to prove all three of these elements, you must find for the defendant, Theodore Shackleton, on that plaintiff's claim.

The first element is to be evaluated by a subjective analysis of the defendant's state of mind at the time. In deciding whether this element has been proved, you must give prison officials wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

### INSTRUCTION NO. - 10 -

As used in these instructions, the following terms have the following meanings:

**"Maliciously"** means intentionally injuring another without just cause or reason.

To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with intent to inflict injury or under circumstances that show an evil intent.

**"Sadistically"** means engaging in extreme or excessive cruelty or delighting in cruelty.

**INSTRUCTION NO. - 11 -**

Acts are done "under color of . . . law" of a state, when a state official act within the bounds or limits of their lawful authority, and when a state official acts without and beyond the bounds of their lawful authority.  The phrase "under color of state law" includes acts done under color of any state law, or county or municipal ordinance, or any regulated issue thereunder, or any state or local custom.

In order for unlawful acts of a state official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of the official's official duties.  The unlawful acts must consist of an abuse or misuse of power possessed by the official only because the person is an official.  The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

**INSTRUCTION NO. - 12 -**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**INSTRUCTION NO. - 13 -**

Unless and until outweighed by evidence in the case to the contrary, you may find that an official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

## INSTRUCTION NO. - 14 -

If you find that the plaintiff whose case you are considering proved her claim against the defendant by a preponderance of the evidence, then you must determine the damages to which that plaintiff is entitled. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that one or both of the plaintiffs should, or should not, win this case. It is your task first to decide whether defendant is liable to the plaintiff whose case you are considering. I am instructing you on damages only so you will have guidance in the event that you find the defendant is liable and that the plaintiff whose case you are considering is entitled to recover money from the defendant.

**INSTRUCTION NO. - 15 -**

If you find in favor of the plaintiff whose case you are then considering, then you must award that plaintiff such sums as you find from the preponderance of the evidence will fairly and justly compensate that plaintiff for any damages you find that plaintiff sustained as a direct result of the defendant's use of excessive force against that plaintiff. You should consider the following elements of damages:

The physical pain and emotional suffering the plaintiff has experienced and are reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent.

Throughout your deliberations you must not engage in any speculation, guess, or conjecture, and you must not award any damages under this instruction by way of punishment or through sympathy.

Any determination to award damages against the defendant must be based on the actions of the defendant only.  The defendant is legally responsible only for his own personal conduct.

**INSTRUCTION NO. - 16 -**

You are not to award damages for any injury or condition from which a plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the defendant's conduct in question.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the plaintiff whose case you are considering and that the plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**INSTRUCTION NO. - 17 -**

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of the plaintiff whose case you are considering and against the defendant and if you find the conduct of the defendant was done maliciously or sadistically or was recklessly and callously indifferent to the plaintiffs' constitutional rights, then, in addition to actual damages, you may, but are not required to, award the plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter defendant and others from like conduct in the future. Whether to award the plaintiff punitive damages and the amount of those damages are within your sound discretion.

Any determination to award punitive damages against the defendant must be based on the actions of the defendant only. The defendant is only legally responsible for his own personal conduct.

**INSTRUCTION NO. - 18 -**

If you find for one or both of the plaintiffs, you must not take into account any

consideration of attorney fees or court costs in deciding the amount of a plaintiff's

damages.  I will decide the matter of attorney fees and court costs, if any, later.

**INSTRUCTION NO. - 19 -**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdicts the court thinks you should find.  What the verdicts shall be is your sole and exclusive duty and responsibility.

**INSTRUCTION NO. - 20 -**

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

**INSTRUCTION NO. - 21 -**

You must consider separately the claim of each plaintiff and return a separate

verdict on the claim of each plaintiff.  Your verdict as to one plaintiff should not

influence your verdict as to the other plaintiff.

**INSTRUCTION NO. - 22 -**

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the bailiff signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court regarding the issues of the case by any means other than such a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

If you do send a note to me containing a question or request for further direction, please bear in mind that a response takes considerable time and effort. I must first notify counsel to return to court. Then I must confer with counsel, consider their arguments and, if necessary, research the question before reducing the answer or direction, if any, to writing.

There may be some questions or matters that under the law the court is not permitted to answer or address. If it is improper for the court to answer the question or address the issue, the court will tell you. Please do not speculate about what the answer to your question might be or why the court is not able to answer a particular question or address a particular matter.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the court– how the jury stands, numerically or otherwise, on the questions before you, until after you have reached unanimous verdicts.

**INSTRUCTION NO. - 23 -**

The original written instructions are a part of the court record.  You are not permitted to write any notes on the original instructions or to deface them in any way. The original instructions and the exhibits are to be returned to the court at the conclusion of your deliberations.

When you go to the jury room, you should do two things.  First, you should select a foreperson, who will help to guide your deliberations and will speak for the jury here in the courtroom.  Second, you should review the instructions and verdict forms.  Not only will your deliberations be more productive if you understand the legal principles on which your verdicts must be based, but for your verdicts to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the original instructions.

You may deliberate only while all jurors are present together in the jury room. You must suspend your deliberations until and unless you are all present together in the jury room.

Your deliberations will be secret.  You will never have to explain your verdicts to anyone.

In order to return a verdict, it is necessary that each juror agree to it.  In other words, any verdict you reach must be unanimous.

Remember at all times that you are not partisans.  You are judges – judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Any verdict you return must be based solely on the evidence received in the

case.  Nothing you have seen or read outside of court may be considered.  Nothing that the court haves said or done during the course of this trial is intended in any way to suggest to you somehow  what the court thinks your verdicts should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdicts the court thinks you should return.  What any verdict shall be is the exclusive duty and responsibility of the jury.  As the court haves told you many times, you are the sole judges of the evidence and facts.

Verdict forms have been prepared for your convenience. You will take the verdict forms to the jury room, and when you have reached unanimous agreement as to your verdicts, you will have your foreperson enter your verdicts, and date and sign, together with all other jurors, the verdict forms.

When you have arrived at your verdicts and have completed, dated, and signed the verdict forms, your foreperson shall notify the bailiff, who, in turn, will notify the court.  You shall remain in the jury room until the court calls for you to return to the courtroom.  When you return to the courtroom, your foreperson should bring the original instructions and the verdict forms with him or her.